2017 Aug-18 PM 03:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES HALL and SUZIE HALL,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| **v.** ] | |
| ] | **2:14-cv-01893-KOB** |
| **NATIONSTAR MORTGAGE, as servicer** ] | |
| **for Department of Housing and Urban** ] | |
| **Development ("HUD"), et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Nationstar Mortgage's "Second Motion for Summary Judgment." (Doc. 38). This case centers on Plaintiffs Charles and Suzie Hall's allegations that the Defendants failed to honor the Halls' loan modification agreement. The court granted Defendants' first Motion for Summary Judgment as to all claims except the Halls' FDCPA and RESPA claims against Nationstar, which comprise Counts I and II of its Complaint. (Docs. 28, 29). The court found that a genuine issue of material fact existed as to whether Nationstar complied with certain provisions of the FDCPA and RESPA because the record before the court did not include relevant documents that had been enclosed in letters from Nationstar to the Halls and that Nationstar contends would disprove Mrs. Hall's deposition testimony about her loan balance.

The court permitted Nationstar to file a second motion for summary judgment as to the Halls' FDCPA and RESPA claims and submit those documents. *See* (Doc. 37). Plaintiffs failed to file a response to the motion by the deadline of February 2, 2017. *See* (Doc. 42).

When a district court reviews a motion for summary judgment, it must determine two

things: whether any genuine issues of material fact exist, and whether the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. The court must "view the evidence presented through the prism of the substantive evidentiary burden" to determine whether the non-moving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court must not weigh the evidence and make credibility determinations because these decisions belong to a jury. *See id.* at 254.

Further, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). The court cannot grant a motion for summary judgment merely because the nonmoving party fails to respond; it "must consider the merits of the motion" and "ensure that the motion itself is supported by evidentiary materials." *United States v. One Piece of Real Prop.*, 363 F.3d 1099, 1101 (11th Cir. 2004).

The court incorporates by reference its first summary judgment opinion's procedural history and statement of facts to the extent they relate to the Halls' FDCPA and RESPA claims.

The documents submitted by Nationstar, included with its letters to the Plaintiffs of November 7, 2013; November 15, 2013; May 2, 2014; and August 20, 2014, indicate that Nationstar accurately represented the principal balance on the Halls' mortgage as $693,581.62 in its loan modification offer on October 15, 2013. Thus, Mrs. Hall's testimony is "blatantly contradicted by the record" and may be discounted at summary judgment. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013). The court again notes that the Halls filed nothing to refute Nationstar's evidence, so the court accepts the facts in these documents as

undisputed. *See* (Doc. 11 at 18) (providing that facts not controverted by the-nonmoving party will be deemed admitted for summary judgment purposes).

Further, the copies of the note and security instrument; payment histories; payoff quotes; and other documents included with Nationstar's letters to the Halls demonstrate that Nationstar complied with the requirements of the FDCPA and RESPA.[1] *See* 15 U.S.C. § 1692g(b) (requiring a debt collector, under the FDCPA, to verify a disputed debt); 12 U.S.C. § 2605(e)(5) (requiring servicer to respond to qualified written requests under RESPA by correcting the account; explaining why the account is correct; or providing requested information or explaining why it is unavailable); 12 C.F.R. 1024.35(e)(1) (mandating that servicer respond to notices of error under RESPA by correcting the account or explaining why the account is correct).

Accordingly, the court finds that no genuine issue of material fact remains as to whether Nationstar complied with the FDCPA and RESPA and that Nationstar is entitled to judgment as a matter of law on those claims. The court **WILL GRANT** Nationstar's second summary judgment motion. The court will enter a separate order consistent with this opinion.

---

[1] The court acknowledges that Nationstar's November 15, 2013 letter to the Halls did not include a payment history covering the period from October 8, 2010 through November 15, 2013, as the letter represented it would, but only included the prior servicer payment history, covering the period from October 8, 2010 through November 9, 2012. However, in its November 7, 2013 letter, Nationstar included a payment history that covered the period from February 17, 2011 through October 16, 2013. The court finds this oversight to be de minimis; further, it does not establish that the principal balance on the Halls' loan, as represented in Nationstar's October 15, 2013 loan modification offer, was inaccurate.

**DONE** this 18th day of August, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE